**SO ORDERED: May 04, 2007.**

_____
**Frank J. Otte**
**United States Bankruptcy Judge**

```
           UNITED STATES BANKRUPTCY COURT
            SOUTHERN DISTRICT OF INDIANA
               INDIANAPOLIS DIVISION
```

IN RE:

THOMAS GEORGE JOHNSON, JR ) CASE NO. 05-30502-FJO-13
SUSAN KAY JOHNSON          )
                           )
     Debtors               )

**ORDER**

This matter came before the Court upon the filing of the Motion for Leave to File Late Proof of Claim by the City of Firsts Federal Credit Union ("City"). The Debtors filed an objection to the Motion. The Court held a hearing on this matter February 6, 2007. The parties have filed post hearing briefs. This matter is now ready for the Court's consideration.

The Debtors filed a Chapter 7 proceeding on October 15, 2005, which was later converted to a Chapter 13 effective April 12, 2006. The Court confirmed Debtors' Plan on June 14, 2006 after receiving no objections and after the Debtors

had entered into an immaterial modification with the Chapter 13 Trustee.

The Confirmed Plan provides that Debtors' surrender of the collateral is in "full satisfaction of the creditor's secured claim, and upon confirmation, or entry of an order granting relief from stay, the stay will be lifted as to the subject collateral" (Debtors' original Chapter 13 Plan filed on March 24, 2006).

City, through its counsel, on April 24, 2006 filed a Motion for Relief and Abandonment regarding a 2005 Coachman Chaparral travel camper.  The Debtors did not object to the Motion.  The Court entered an Order granting the Motion on May 17, 2006.

 August 23, 2006 was the claims bar date for non-governmental entities.  City filed two proofs of claims (both secured claims) about four months prior to deadline for filing claim.  Those claims related to the Debtors' residential mortgage and a motorcycle.  City sold the travel camper for $16,000.00 on October 16, 2006, leaving a deficiency of $22,493.84.

On November 7, 2006, City filed a Motion for Leave to File Late Proof of Claim wherein it seeks leave of Court to file an unsecured claim for the deficiency balance of a Coachman Chaparral travel camper.  The Debtors listed their

intention to surrender the travel camper in their original Chapter 7 schedules filed with the Court on October 15, 2005.

11 U.S.C. Section 502 provides for the filing of proofs of claims.  Section 502(b)(9) relates to the disallowance of claims not timely filed.

The basis for the creditor's request to file a late claim is that the amount of the deficiency was not known until after the sale of the collateral, which occurred after the bar date.  Although the Court readily acknowledges that it has on occasion allowed the late filing of a claim, each case is different.  Over two months had passed in this case before a motion was filed to allow the claim.  The creditor should have known that it was going to be pursuing an unsecured claim for a deficiency after the sale of the collateral. The Debtors had indicated their intention to surrender the collateral at the beginning of the case when they filed their Chapter 7 schedules on October 15, 2005.  The creditor was in the position to control the timing of the sale of the collateral, not the Debtors.  The Plan did deal with the claim as it related to this collateral with this creditor.  The creditor has been active in this case and has received notice of matters that would effect its interests.

Given all of the facts in the present case, to allow the late filing of this very large unsecured claim will prejudice the Debtors in that it would require them to remain in bankruptcy longer than if the claim was not allowed, also causing additional expense to them.

### CONCLUSION

Based upon the foregoing, this Court hereby DENIES the relief requested in the Motion for Leave to File Late Proof of Claim.

###